UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JANICE PRICE-MACK | § | CIVIL ACTION |
|     Plaintiff | § | |
| | § | |
| VS. | § | NO. 1:23-CV-00414 |
| | § | |
| WALMART STORES TEXAS, L.L.C. | § | |
|     Defendant | § | JURY |

**<u>ORIGINAL ANSWER OF DEFENDANT, WALMART STORES TEXAS, LLC</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW WALMART STORES TEXAS, LLC, Defendant in the above cause, and files its Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

I.

1. In response to the allegations contained in Paragraph I of Plaintiff's Original Petition, Defendant denies that discovery should be governed by Level 3 of the Texas Rules of Civil Procedure. Discovery should be conducted under the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas.

II.

2. In response to the allegations contained in Paragraph II, Section 1 of Plaintiff's Original Petition, Defendant admits that Plaintiff is a resident and citizen of Jefferson County, Texas.

3. In response to the allegations contained in Paragraph II, Section 2 of Plaintiff's Original Petition, Defendant admits that it is a Delaware corporation engaged in business for profit in the State of Texas at Walmart Store #651, located at 4145 Dowlen Road in Beaumont,

Jefferson County, Texas, and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

III.

4.     In response to the allegations contained in Paragraph III of Plaintiff's Original Petition, Defendant admits that Plaintiff seeks an amount in controversy that is within the state court's jurisdictional limits; however, Defendant denies that the state court has jurisdiction. Jurisdiction lies with the federal court because the amount in controversy exceeds the minimum requirements for federal diversity jurisdiction. Defendant denies the remainder of the allegations contained in Paragraph III of Plaintiff's Original Petition, both individually and in the aggregate.

IV.

5.     In response to the allegations contained in Paragraph IV of Plaintiff's Original Petition, Defendant states that venue is proper in the United States Eastern District Court of Texas, Beaumont Division, since the alleged incident that is subject to this lawsuit allegedly arose in Jefferson County, Texas.

V.

6.     In response to the allegations contained in Paragraph V of Plaintiff's Original Petition, Defendant admits that on or about March 24, 2023, Plaintiff was at the Walmart store at 4145 Dowlen Road, Beaumont, Jefferson County, Texas. Defendant denies the remainder of the allegations contained in Paragraph V of Plaintiff's Original Petition, both individually and in the aggregate.

VI.

7.     In response to the allegations contained in Paragraph VI of Plaintiff's Original Petition, Defendant denies same both individually and in the aggregate.

VII.

8. In response to the allegations contained in Paragraph VII, Subparagraph 1, including but not limited to Sections 1. through 5., of Plaintiff's Original Petition, Defendant denies same both individually and in the aggregate.

9. In response to the allegations contained in Paragraph VII, Subparagraph 2 of Plaintiff's Original Petition, Defendant denies same both individually and in the aggregate.

VIII.

10. In response to the allegations contained in Paragraph VIII of Plaintiff's Original Petition, Defendant denies that there was a hazardous and dangerous condition and denies the remainder of the allegations contained in Paragraph VIII of Plaintiff's Original Petition, both individually and in the aggregate.

IX.

11. In response to the allegations contained in Paragraph IX, Subparagraph 1 of Plaintiff's Original Petition, Defendant denies same both individually and in the aggregate.

12. In response to the allegations contained in Paragraph IX, Subparagraph 2 of Plaintiff's Original Petition, Defendant denies same both individually and in the aggregate.

X.

13. In response to the allegations contained in Paragraph X of Plaintiff's Original Petition, Defendant denies same both individually and in the aggregate.

XI.

14. In response to the allegations contained in Paragraph XI of Plaintiff's Original Petition, Defendant admits that Plaintiff seeks monetary relief of over $1,000,0000.  Defendant

denies the remainder of the allegations contained in Paragraph XI of Plaintiff's Original Petition, both individually and in the aggregate.

XII.

15.     In response to the allegations contained in Paragraph XII of Plaintiff's Original Petition, Defendant denies that Plaintiff is entitled to recover interest.

XIII.

16.     In response to the allegations contained in Paragraph XIII of Plaintiff's Original Petition, Defendant denies that Texas Rule of Civil Procedure 193.7 applies.  This case is governed by the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas.  Defendant denies the remainder of the allegations contained in Paragraph XIII of Plaintiff's Original Petition, both individually and in the aggregate.

XIV.

17.     In response to the allegations contained in Paragraph XIV of Plaintiff's Original Petition, Defendant denies that Texas Rule of Civil Procedure 194 applies.  This case is governed by the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas. Defendant denies the remainder of the allegations contained in Paragraph XIV of Plaintiff's Original Petition, both individually and in the aggregate.

XV.

18.     In response to the allegations contained in the Prayer of Plaintiff's Original Petition, Defendant admits that Plaintiff seeks the relief prayed for; however, Defendant denies that Plaintiff is entitled to recover same.

## XVI.

## AFFIRMATIVE DEFENSES

19. Further answering herein, Defendant avers that Plaintiff was negligent in certain acts and omissions, including the following:

 a. Failure to keep a proper lookout on the occasion in question;

 b. Failure to take proper evasive action;

 c. Failure to sit more carefully;

 d. Failure to use ordinary care for her safety;

 e. Failure to maintain her balance; and,

 f. Committing other acts/omissions of negligence.

Each negligent act and omission by Plaintiff, individually or in combination, was the proximate cause, or alternatively, a proximate cause of the occurrence.

20. Further answering herein, Defendant says that Plaintiff's recovery, if any, should be barred or otherwise reduced pursuant to the comparative responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code.

21. Further answering herein and in the alternative, Defendant alleges that the incident made the basis of this lawsuit was an unavoidable accident.

22. Further answering herein, and in the alternative, Defendant denies that any condition from which Plaintiff is suffering, if any, is the result, directly or indirectly, of the occurrence alleged in Plaintiff's Petition. Defendant says that if Plaintiff is suffering from any injury, illness, disease, or condition claimed by Plaintiff, then same is the result, in whole or in part, of some prior or subsequent accident, injury, illness, disease, physical defect, or bodily condition, for which the Defendant is not in any way responsible.

23. Further answering herein and in the alternative, Defendant states that Plaintiff failed to act as a person of ordinary prudence would have acted under the same or similar circumstances in caring for and treating her alleged injuries and/or limiting and/or failing to mitigate her alleged damages, if any, that resulted from the occurrence in question.

24. Further answering herein, Defendant states that pursuant to Section 41.0105 of the Texas Civil Practice and Remedies Code, Defendant is entitled to an offset/credit for any medical or health care expenses that have not actually been paid or incurred by or on behalf of the Plaintiff.

25. Furthermore, Defendant denies that Plaintiff is entitled to damages, including exemplary damages. Defendant invokes all applicable restrictions and caps on punitive damages and compensatory damages available under the Texas and Federal Constitutions and Texas Civil Practice & Remedies Code, Section 41.001 through Section 41.009, including Section 41.008, of the Texas Civil Practice and Remedies Code and the 8th and 14th Amendments of the U.S. Constitution. To the extent necessary, Defendant moves for bifurcation of any claim for gross negligence and/or punitive damages.

26. Further, Plaintiff's claim for exemplary damages, if granted, would be grossly excessive and would violate the Due Process Clause of the U. S. Constitution. Defendant did not receive fair notice that it could be subject to substantial punitive damages for the conduct alleged and its conduct, if any, was not deliberate or malicious or reckless as that conduct is defined by the applicable law.

27. Further, Plaintiff's claims for exemplary damages, if granted, would violate the Eighth Amendment to the U. S. Constitution and the Texas Constitution because Plaintiff seeks to impose an excessive fine upon Defendant which are penal in nature and which seeks to punish

a defendant(s) based upon vague standards.

28. Further, Plaintiff's claims for exemplary damages, if granted, would violate the Equal Protection Clause of the U.S. Constitution because Plaintiff seeks to discriminate against Defendant on the basis of wealth.

29. Further, Plaintiff's claims for exemplary damages, if granted, would violate the Separation of Powers Doctrine since this Court would be usurping the exclusive power of the legislature to define what conduct constitutes a crime subject to such penalties and to establish the appropriate punishment.

30. Further, Plaintiff's claims for exemplary damages, if granted, would violate the U.S. Constitution as an ex post facto law. Any such award would effectively be criminalizing conduct after it has occurred and without appropriate advance notice to Defendant that such conduct might subject them to criminal punishment.

31. Defendant further pleads that in the event exemplary damages are submitted, proper jury instructions be given pursuant to Transportation Ins. Co. v. Moriel, 879 S.W.2d 10 (Tex. 1994) and Pacific Mutual Life Insurance Company v. Haslip, 499 U.S. 1,18 (1991) and that in the unlikely event any punitive damages are awarded in this case, that this Court review any such award pursuant to the standards set forth in Haslip and Moriel, supra, to ensure that the verdict is not unconstitutional and/or excessive.

## XVII.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by reason of this suit herein, and that Defendant go hence without day and recovers its costs.

Respectfully submitted,

MEHAFFY WEBER, P.C.

/s/ Karen L. Spivey
KAREN L. SPIVEY
KarenSpivey@mehaffyweber.com
Federal Id. No.11680
Texas Bar No. 18955100
ATTORNEY IN CHARGE FOR DEFENDANT,
WALMART STORES TEXAS, LLC
GORDON R. PATE
GordonPate@mehaffyweber.com
Federal Id. No. 9811
Texas Bar No. 15563000
WILLIAM F. THORNE
State Bar No. 24102569
Federal Id. No. 3144430
WilliamThorne@mehaffyweber.com
P.O. Box 16
Beaumont, TX 77704-0016
2615 Calder Avenue, Suite 800
Beaumont, TX 77702
Ph:     409-835-5011
Fx:     409-835-5177

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November, 2023, a true and correct copy of the foregoing instrument was served upon Plaintiff's counsel in accordance with the Federal Rules of Civil Procedure by certified mail, return receipt requested, at the addressed as follows:

Sean C. Villery-Samuel
SBN: 24070802
PROVOST UMPHREY LAW FIRM, LLP
350 Pine St., Suite 1100 (77701)
P.O. Box 4905
Beaumont, TX 77704-4905
svillery-samuel@pulf.com
Ph:     409-835-6000
Fx:     409-813-8605

/s/ Karen L. Spivey
KAREN L. SPIVEY

8